UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID TROY ZARN,

       Petitioner,

v.

O'BELL T. WINN,

       Respondent.

_____/

Case No. 2:20-cv-12712

HONORABLE STEPHEN J. MURPHY, III

## OPINION AND ORDER DENYING
## PETITION FOR A WRIT OF HABEAS CORPUS [1], A CERTIFICATE
## OF APPEALABILITY, AND LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner David Troy Zarn sought a writ of habeas corpus under 28 U.S.C.

§ 2254. ECF 1. Petitioner challenged his conviction of four counts of first-degree

criminal sexual conduct in violation of Mich. Comp. Laws § 750.520b(1)(a), and one

count of second-degree criminal sexual conduct in violation of Mich. Comp. Laws

§ 750.520c(1)(a). *Id.* at 2. The parties fully briefed the petition, and the Court will not

hold a hearing. E.D. Mich. L.R. 7.1(f)(1). For the following reasons, the Court will

deny the petition.

### BACKGROUND[1]

Petitioner committed "prolonged sexual abuse" "against his stepdaughters,

T.S. and L.S." *People v. Zarn*, No. 323279, 2016 WL 1125742, at *1 (Mich. Ct. App.

---

[1] The background section is recited from the Michigan Court of Appeals opinion,
which is presumed correct on habeas review under 28 U.S.C. § 2254(e)(1). *See Wagner
v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009).

1

Mar. 22, 2016) (per curiam), *reversed in part*, 501 Mich. 921 (2017). The stepdaughters lived in Michigan with Petitioner and their mother until 2006 when they moved to Pennsylvania. *Id*. The stepdaughters "testified at trial that [Petitioner] sexually abused them while they lived in both Michigan and Pennsylvania." *Id*. At trial, Petitioner was convicted on all charged crimes. *Id*.

The Michigan Court of Appeals affirmed Petitioner's convictions but remanded the case to the trial court based on *People v. Lockridge*, 498 Mich. 358 (2015), so that the trial court could determine whether it would have imposed the same sentence even without the sentencing guidelines. *Id*. at *3. The case was also remanded to amend the sentences from consecutive to concurrent. *Id*. at *1, 3, 5, 16.

When Petitioner appealed to the Michigan Supreme Court, the Court held the application for leave to appeal in abeyance pending the Court's decisions in other cases related to the sentencing issues that Petitioner raised in his application. *People v. Zarn*, 890 N.W.2d 662 (mem.) (Mich. 2017). The Supreme Court ultimately reversed in part and remanded the case to the Court of Appeals "for plenary review of the defendant's claim that his sentence was disproportionate under the standard set forth in *People v. Milbourn*." *Zarn,* 501 Mich. at 555, *reconsideration denied*, 501 Mich. 978 (2018). The Michigan Supreme Court otherwise denied Petitioner's application for leave to appeal. *Id*.

On remand, the Court of Appeals affirmed Petitioner's sentences and remanded to the trial court only for the ministerial task of correcting the judgment

to reflect that petitioner's sentences run concurrently. *People v. Zarn*, Nos. 323279, 323280, 2018 WL 1512393, at *8 (Mich. Ct. App. Mar. 27, 2018) (per curiam).

Petitioner again sought leave to appeal to the Michigan Supreme Court. The Court again held the application in abeyance pending the outcome of *People v. Dixon-Bey*. *People v. Zarn*, 917 N.W.2d 671 (Mich. 2018) (mem.). After the *Dixon-Bey* decision, the Supreme Court denied Petitioner's application for leave to appeal because the Court was not persuaded that the question presented should have been reviewed. *People v. Zarn*, 504 Mich. 996 (2019) (mem.).

## LEGAL STANDARD

The Court may only grant habeas relief to a state prisoner if a state court adjudicated his claims on the merits and the state court adjudication was "contrary to" or led to an "unreasonable application" of clearly established federal law. 28 U.S.C. § 2254(d)(1). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at'" a different result. *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (quotation omitted).

A state court unreasonably applies Supreme Court precedent only when its application of precedent is "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003) (internal citations omitted). A merely "incorrect or erroneous" application is insufficient. *Id*. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

3

correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 654 (2004)).

A federal court reviews only whether a state court's decision follows clearly established federal law as determined by the Supreme Court when the state court renders its decision. *Greene v. Fisher*, 565 U.S. 34, 38 (2011). A state court need not cite or be aware of Supreme Court cases, "so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Decisions by lower federal courts "may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citation omitted).

Federal courts presume the accuracy of a state court's factual determinations on habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998). Habeas review is also "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## DISCUSSION

Petitioner asserted five groups of claims and requested an evidentiary hearing. The Court will deny each claim in turn. After, the Court will deny a certificate of appealability and leave to proceed in forma pauperis on appeal.

### I.   Ineffective Assistance of Counsel Claim

Petitioner raised several ineffective assistance of counsel claims. ECF 1, PgID 41–65. Ineffective assistance of counsel is established when an attorney's

"performance was deficient" and "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

To establish that an attorney's deficient performance prejudiced the defense, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Unless the petitioner shows both deficient performance and prejudice, "it cannot be said that the conviction or [] sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

The standard for obtaining habeas corpus relief is "difficult to meet." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotation omitted). In the context of an ineffective assistance of counsel claim under *Strickland*, the standard is "all the more difficult" because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential [] and when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal citations and quotation marks omitted). "[T]he question is not whether counsel's actions were reasonable[;]" but whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.*

A.    *Failure to Request Cautionary Instruction*

Petitioner first alleged that his trial counsel failed to request a cautionary jury instruction that would have warned jurors to not use other acts of Petitioner's later

5

sexual misconduct to find that Petitioner must have committed the sexual misconduct in Michigan. ECF 1, PgID 44–47. The Court of Appeals held that the request lacked merit because the "evidence admitted pursuant to [Mich. Comp. Laws] § 768.27a is admissible "'to show a defendant's character and propensity to commit the charged crime[.]'" *Zarn*, 2016 WL 1125742, at *6 (second alteration in original) (quoting *People v. Watkins*, 491 Mich. 450, 470 (2012)). The Court of Appeals also noted that the trial court "explained in a jury instruction that evidence of sexual misconduct for which [Petitioner] was not on trial had been admitted, and that the jury must not convict [him] solely on the basis that the jury thought [he] was guilty of other bad conduct." *Id.* Because Petitioner approved the instruction, he waived the issue. *Id.* And besides the waiver, allowing the instruction was not a "miscarriage of justice." *Id.*

When defense counsel forgoes a certain action, the Court must strongly presume that counsel did so for tactical reasons because the Court "may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive." *Massaro v. United States*, 538 U.S. 500, 505 (2003) (citation omitted). Here, counsel may have strategically forwent a limiting instruction on the other acts evidence during trial to avoid undue attention to the evidence. *See Cobb v. Perini,* 832 F.2d 342, 347–48 (6th Cir. 1987). Indeed, "not drawing attention to [a] statement may be perfectly sound from a tactical standpoint." *United States v. Caver*, 470 F.3d 220, 244 (6th Cir. 2006).

At any rate, a limiting instruction would have repeated the trial court's final jury instruction to not convict Petitioner based on uncharged conduct. As a result,

counsel's failure to request a limiting instruction did not prejudice Petitioner. The claim therefore fails.

### B.  Failure to Object to Prosecutor's Opening Statement

Petitioner next claimed that his counsel should have objected to the prosecutor mentioning other acts evidence in his opening remarks. ECF 1, PgID 44–45. The Court of Appeals rejected the claim because the evidence was admissible and "the prosecutor explained that the Pennsylvania acts evidence would provide context and corroboration for the complainants' allegations." *Zarn*, 2016 WL 1125742, at *6.

Given that the evidence was admissible under the Michigan Evidentiary Rules, the Court "'must defer to [the] state court's interpretation of its own rules of evidence and procedure' when assessing a habeas petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (quotation omitted); *see Zarn*, 2016 WL 1125742, at *6. As a result, his counsel's failure to object to the opening statement was not ineffective assistance of counsel. *See United States v. Sanders*, 404 F.3d 980, 986 (6th Cir. 2005) (holding that counsel is not ineffective for failing to object to admissible evidence). The Court will therefore deny relief for the second *Strickland* claim.

### C.  Failure to Object to Limiting Instruction

Petitioner also alleged that his counsel's failure to object to a limiting jury instruction rose to the level of ineffective assistance of counsel. ECF 1, PgID 44–48. Petitioner specifically alleged that the trial court should have instructed the jurors under Model Criminal Jury Instruction 20.28. *Id.* at 45; ECF 1-13, PgID 181. But the claim fails because the trial court admitted the other acts evidence under Mich.

Comp. Laws § 768.27a. *Zarn*, 2016 WL 1125742, at *6. Evidence admitted under the law uses the standard limiting instruction found in Model Criminal Jury Instruction 28.20a. *See People v. Pittman*, No. 317461, 2015 WL 4988070, at *7 (Mich. Ct. App. Aug. 20, 2015). And because the Court of Appeals held that Petitioner had no right to Model Criminal Jury Instruction 28.20, the holding is binding on the Court. *See Strayhorn v. Booker,* 718 F. Supp. 2d 846, 870 (E.D. Mich. 2010) (citations omitted). Counsel's failure to request the jury instruction was thus not ineffective. *Id.* Besides, Petitioner cannot show prejudice because the trial court's limiting instruction was adequate. *See Jacobs v. Sherman,* 301 F. App'x 463, 466–67 (6th Cir. 2008).

###### D.    *Failure to Object to Evidence of Investigation into Wife*

Petitioner alleged that his counsel was ineffective for failing to object to evidence about his wife being investigated for breaking T.S.'s leg as a baby. ECF 1, PgID 47–51. The Court of Appeals denied the claim for two reasons. One, Petitioner's counsel cross-examined T.S.'s biological father about the physical abuse by Petitioner's wife. *Zarn*, 2016 WL 1125742, at *6. Because "[a] 'prosecutor may fairly respond to an issue raised by the defendant,'" the inquiry was admissible. *Id.* (quoting *People v. Brown*, 279 Mich. App 116, 135 (2008)). And two, even if the inquiry were inadmissible, then it was harmless error. *Id.*

Again, because the Court of Appeals held that the evidence was admissible under Michigan law, the Court must defer to the holding. *See Brooks v. Anderson*, 292 F. App'x 431, 437–38 (6th Cir. 2008). And given that the Court "cannot logically grant the [habeas corpus] writ based on ineffective assistance of counsel without

determining that the state court erred in its interpretation of its own law," the Court will reject the *Strickland* claim. *Davis v. Straub*, 430 F.3d 281, 291 (6th Cir. 2005).

E.    *Failure to Object to Prosecutor's Statements about Child Pornography*

Petitioner next reasoned that his trial counsel failed to object to the prosecutor's statements that Petitioner possessed child pornography on his computer. ECF 1, PgID 52–57. The Court of Appeals denied the claim because an investigator for a District Attorney's office testified that "there is a correlation between child pornography and child sex abusers." *Zarn*, 2016 WL 1125742, at *7. So even though the investigator later explained that he did not find child pornography on Petitioner's computer, the testimony benefited Petitioner and undermined the investigator's credibility. *Id.* What is more, the investigator neither testified that Petitioner "wiped" his hard drive of child pornography nor that Petitioner stole cameras to make child pornography. *Id.* Plus, the investigator's Rule 701 testimony about a Christmas Eve photo was not admitted to "improperly [] suggest it was child pornography." *Id.*

In short, Petitioner's trial counsel had strategic reasons to not object to the testimony because it supported Petitioner's case. *See Karis v. Calderon*, 283 F.3d 1117, 1132 (9th Cir. 2002). Because the Court of Appeals held that the Rule 701 testimony was admissible, the Court cannot grant habeas relief on the claim. *See Davis*, 430 F.3d at 291. The *Strickland* claims about the child pornography testimony therefore lack merit.

### F. Failure to Object to Victim Photos

Petitioner also asserted that his trial counsel should have objected to victim photos because the prosecutors admitted the photos to elicit sympathy for the victims. ECF 1, PgID 55–57. The Court of Appeals denied the claim because the photos "were relevant to illustrate to the jury the children's ages at the time of the offenses, which spanned multiple years." *Zarn*, 2016 WL 1125742, at *7. Not to mention, Petitioner also offered the stepdaughters' photos. *Id.* Given that the evidence was relevant and admissible, Petitioner's trial counsel was not ineffective for failing to object to it. *See Alder v. Burt,* 240 F. Supp. 2d 651, 673–74 (E.D. Mich. 2003). The Court will deny the claim.

### G. Failure to Object to Witness Testimonies

Petitioner stressed that his trial counsel failed to object to improper lay testimony from a Child Protective Services intake supervisor and a guidance counselor. ECF 1, PgID 57–58. The Court of Appeals denied the claims because the supervisor's testimony did not opine about "the veracity of the complainants' allegations" and the testimony was not inadmissible hearsay. *Zarn*, 2016 WL 1125742, at *7. The Court of Appeals applied the same reasoning to the guidance counselor's testimony. *Id.* At bottom, the testimonies showed "what came next in the investigation, not to prove the truth of whether [D]efendant committed the crimes." *Id.*

The Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford v.*

*Washington,* 541 U.S. 36, 59 n.9 (2004) (Scalia, J.) (citation omitted). Evidence that merely provides background or is offered only to explain how certain events occurred or why law enforcement officers took certain actions is not offered for the truth of the matter asserted, and thus cannot trigger a Confrontation Clause violation. *See United States v. Warman,* 578 F.3d 320, 346 (6th Cir. 2009) (quotation omitted).

Here, the trial court properly admitted the testimony as non-hearsay. *Zarn,* 2016 WL 1125742, at *7. For that reason, there was no Confrontation Clause violation and counsel was not ineffective for failing to object to it.

### H.  *Failure to Object to Prosecutor's Allegedly Improper Remarks*

Petitioner argued that his trial counsel failed to object to several remarks from the Prosecutor. ECF 1, PgID 59–61. The prosecutor explained that he "was surprised defendant moved into the home" that his wife and T.S.'s biological father had lived in together. *Zarn*, 2016 WL 1125742, at *8. Yet, according to the Court of Appeals, "there was no reasonable probability that defense counsel's failure to object to this brief, isolated statement made a difference in the outcome of trial." *Id.* The Court of Appeals also held the prosecutor's suggestion that "it was inappropriate for a 16–year–old girl to sit in an adult's lap" to be harmless. *Id.* The statement was in response "to [Petitioner's] claims that the [stepdaughters] should have told [their mother] of the abuse." *Id.* Because the prosecutor was responding to Petitioner's argument, the response was acceptable. *Id.* Last, the Court of Appeals held that the prosecutor's statement about suggesting "the [stepdaughters] would have to move back to

11

Pennsylvania if they did not convict defendant" was acceptable in the question's context. *Id.*

In brief, Petitioner cannot show that his counsel was ineffective for failing to object to any of the prosecutor's statements because the Court of Appeals found on direct appeal that the remarks were not improper. *See Finkes v. Timmerman-Cooper,* 159 F. App'x 604, 611 (6th Cir. 2005). The Court will thus deny the claim.

### I.      *Failure to Admit Proposed Expert Witness*

Petitioner also contended that his trial counsel was ineffective because he did not offer a strong argument for admitting his proposed expert witness Dr. Katherine Okla. ECF 1, PgID 61–65. But the claim easily fails because the Michigan Court of Appeals found her testimony was inadmissible. *Zarn*, 2016 WL 1125742, at *9.

### J.      *Cumulative Effect of Errors*

Last, Petitioner believed that all his trial counsel's errors combined led to ineffective assistance of counsel. ECF 1, PgID 65. But all the alleged errors were meritless, and so Petitioner's claim fails. Because the Court has denied all the ineffective assistance of counsel claims, Petitioner has no right to relief under *Strickland.*

### II.     Judicial Misconduct Claim

Petitioner raised two judicial misconduct claims. ECF 1, PgID 66–77. The Due Process Clause of the Fourteenth Amendment "requires a 'fair trial in a fair tribunal' before a judge with no actual bias against the defendant or an interest in the outcome." *See Bracy v. Gramley*, 520 U.S. 899, 904–05 (1997) (quotation omitted). A

federal habeas petitioner may raise a judicial impartiality claim. *Tyson v. Trigg*, 50 F.3d 436, 438 (7th Cir. 1995) (citations omitted). "Trial judges have wide latitude to conduct trials," but they must preserve an impartial attitude and "scrupulously avoid 'giving the jury any impression'" about whether the defendant is guilty. *Harrington v. State of Iowa*, 109 F.3d 1275, 1280 (8th Cir. 1997) (quotations omitted); *Brown v. Palmer,* 358 F. Supp. 2d 648, 657 (E.D. Mich. 2005).

A judicial misconduct allegation in a habeas petition hinges on "whether the state trial judge's behavior rendered the trial so fundamentally unfair as to violate federal due process." *Duckett v. Godinez*, 67 F.3d 734, 740 (9th Cir. 1995); *Brown,* 358 F. Supp. 2d at 657. Thus, a petitioner must factually show that, during the trial, the judge assumed an attitude that went beyond merely expressing "his personal opinion" but actually impressed to the jury that the judge was "more than an impartial observer." *Brinlee v. Crisp*, 608 F.2d 839, 852–53 (10th Cir. 1979) (citation omitted). To that end, the trial judge's statements must intervene to a significant extent and must be significantly adverse to the defendant. *McBee v. Grant*, 763 F.2d 811, 818 (6th Cir. 1985) (citation omitted). Mere "expressions of impatience, dissatisfaction, annoyance, and even anger" do not establish judicial bias or misconduct. *Liteky v. United States*, 510 U.S. 540, 555–56 (1994). "A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune." *Id.*

At their core, judicial bias claims in habeas proceedings turn on whether the state appellate court's rejection of the judicial misconduct claim was a reasonable

application of clearly established federal law. *See Allen v. Hawley*, 74 F. App'x 457, 460–61 (6th Cir. 2003).

### A.  Jury Voir Dire

Petitioner asserted the trial judge showed bias when she told prospective jurors that, before she was a judge, she was a sex crimes prosecutor and asked jurors if anyone had known her as a prosecutor. ECF 1, PgID 69–70. The Court of Appeals rejected the argument because "the judge was attempting to ensure that no potential juror member was familiar with her by way of her former role as a prosecutor." *Zarn*, 2016 WL 1125742, at *14. And no evidence showed that "she was 'keenly interested in obtaining the conviction of defendant.'" *Id.* (quotation omitted).

The Court of Appeals' reasoning was correct. It is not judicial misconduct for a judge to reveal to prospective jurors a former job as a prosecutor when there is a valid reason to do so. *See Ferrell v. Hudson*, No. 1:06 CV 1676, 2008 WL 114905, at *11 (N.D. Ohio Jan. 9, 2008). The judge properly raised her prior employment during jury voir dire to ensure that no victims or their families were chosen as jurors. The claim therefore fails.

### B.  Witness Questioning

Petitioner also claimed that the trial judge showed bias when she questioned the witness. ECF 1, PgID 70–77. The Court of Appeals rejected the claim as well. *Zarn*, 2016 WL 1125742, at *15–16. A trial judge may interject "into the trial, speak to counsel, and question witnesses in order to clear up confusion regarding the evidence or aid in its orderly presentation." *United States v. Powers*, 500 F.3d 500,

511 (6th Cir. 2007) (citation omitted). Here, the trial judge asked questions merely to clarify or elicit testimony from witnesses. For that reason, the judge did not violate Petitioner's due process rights. *See Brown,* 358 F. Supp. 2d at 657 ("In fact, it is proper for a judge to question a witness when necessary either to elicit the truth or to clarify testimony.") (citation omitted). And the Michigan Court of Appeals reasonably rejected petitioner's claim. *See Elizondo v. Bauman*, 674 F. App'x 561, 562 (6th Cir. 2017).

At any rate, the jury instructions cured any prejudice from the judge's questions. The instruction told jurors that the judge's comments, rulings, and instructions were not evidence and advised the jurors that if they believed that the judge held an opinion about how they should decide the case, then the jurors should disregard it. ECF 4-10, PgID 1858; *see Todd v. Stegal,* 40 F. App'x 25, 28 (6th Cir. 2002). In sum, the Court will deny relief to Petitioner on the judicial bias claims.

III.   <u>Prosecutorial Misconduct Claim</u>

Petitioner raised three prosecutorial misconduct claims. ECF 1, PgID 78–89. "Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004) (citation omitted). A prosecutor's improper comments violate a criminal defendant's constitutional rights only if the comments "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). Prosecutorial misconduct will thus justify habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the

totality of the circumstances. *Id.* at 643–45. A habeas petitioner must therefore show that the state court's rejection of the prosecutorial misconduct claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. In practice, a habeas petitioner must clear a "high bar" to prevail on such claims. *Stewart v. Trierweiler*, 867 F.3d 633, 639 (6th Cir. 2017) (citation omitted).

### A.   Introduction of Misleading and Irrelevant Evidence

Petitioner first alleged that the prosecutor introduced misleading and irrelevant evidence that his wife was a bad mother so that jurors would find him guilty by association. ECF 1, PgID 81–82. But no Supreme Court cases support finding that a prosecutor's questions calling for irrelevant answers would rise to a federal due process violation. *See Wade v. White,* 120 F. App'x 591, 594 (6th Cir. 2005). Petitioner thus has no right to relief even if the prosecutor's questions and remarks about Petitioner's wife were irrelevant. *Id.*

### B.   Asked the Jury to Make Certain Inferences

Petitioner next alleged that the prosecutor asked the jury to infer that he stole cameras from his employer, possessed child pornography, and obstructed justice. ECF 1, PgID 82–84. But as the Court of Appeals noted, the prosecutor never asked the jury to infer any such things. *Zarn*, 2016 WL 1125742, at *14. The Court will therefore deny relief on the claim.

C.    Brady v. Maryland *Violation*

Third, Petitioner claimed that the prosecutor violated a discovery order and *Brady v. Maryland*, 373 U.S. 83 (1963) by not revealing until trial that L.S. had attempted suicide. ECF 1, PgID 84–89. "There is no general constitutional right to discovery in a criminal case." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). As a result, even if the prosecutor violated a state discovery order, no constitutional violation occurred and thus Petitioner has no right to habeas relief.

Still, when a prosecutor suppresses favorable evidence to a defendant, the prosecutor violates due process so long as "the evidence is material to either the defendant's guilt or punishment." *Brady*, 373 U.S. at 87. "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the trial's outcome would have been different." *United States v. Bagley,* 473 U.S. 667, 682 (1985). A "'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Id.* A *Brady* claim must satisfy three elements: (1) the evidence at issue must favor "the accused, either because it is exculpatory, or because it is impeaching"; (2) the "evidence must have been suppressed by the State, either willfully or inadvertently"; and (3) the defendant must have suffered prejudice. *Strickler v. Greene,* 527 U.S. 263, 281–82 (1999). "Prejudice (or materiality) in the *Brady* context is a difficult test to meet." *Jamison v. Collins*, 291 F.3d 380, 388 (6th Cir. 2002) (citation omitted).

Petitioner bears the burden to show that the prosecution suppressed exculpatory evidence. *See Bell v. Howes*, 703 F.3d 848, 853 (6th Cir. 2012) (citation

17

omitted). Conclusory, speculative allegations cannot support a *Brady* claim. *Burns v. Lafler,* 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004) (citation omitted). Here, Petitioner cannot show that the evidence about L.S.'s suicide attempt was exculpatory, and he therefore has no right to relief on the claim.

What is more, the *Brady* claim also fails because the evidence about L.S.'s suicidal thoughts were disclosed to Petitioner during trial. And "*Brady* generally does not apply to the *delayed* disclosure of exculpatory information"; *Brady* applies "only to a *complete* failure to disclose." *United States v. Davis,* 306 F.3d 398, 421 (6th Cir. 2002) (emphasis added) (quotation omitted). If evidence is disclosed during trial, "no *Brady* violation occurs unless the defendant has been prejudiced by the delay." *United States v. Word*, 806 F.2d 658, 665 (6th Cir. 1986) (citation omitted).

Even if the new evidence undermined Petitioner's defense theory, Petitioner still has no right to habeas relief. "There is no rule that evidence must be excluded or a mistrial granted on the basis that a defendant had committed himself to a theory which was undermined by new evidence." *United States v. Atisha*, 804 F.2d 920, 925 (6th Cir. 1986) (citation omitted). Indeed, "[t]here is *always* a possibility that new evidence will be discovered, even if the defense was structured around assurances made by the government." *Id.* (emphasis in original). Here, any claim about whether the late disclosure of evidence may have precluded Petitioner's trial counsel from adequately preparing for trial is not a basis for habeas relief. *See Burns,* 328 F. Supp. 2d at 724 (citations omitted). The Court will therefore reject the *Brady* claim.

IV.    <u>Evidentiary Claims</u>

Petitioner asserted three evidentiary claims. ECF 1, PgID 90–107. The three claims fail.

A.    *Refusal to Allow Expert Testimony*

Petitioner first claimed that the trial judge violated his due process right to present Dr. Katherine Okla as an expert witness. ECF 1, PgID 98–101. The Court of Appeals noted that the only issue about expert admissibility "was credibility and the trial court held that the [stepdaughters] were beyond the age where they would fall victim to suggestive interviews." *Zarn*, 2016 WL 1125742, at *9. And the Court of Appeals affirmed the trial court because "the allegedly suggestive interviews were never admitted." *Id.* "Rather, the jury was directly presented with the [stepdaughers'] testimony." *Id.* And the Court of Appeals held that the case was "straightfoward" because "[t]he [stepdaughters] here were of an age where they would understand the difference between a truth and a lie, and continued to clearly contend that [Petitioner] sexually abused them at the time of trial." *Id.* And Michigan precedent prevents an expert witness from opining "that a complainant has not been coached or was being truthful." *Id.* at *10 (citing *People v. Douglas*, 496 Mich. 557, 583 (2014)). Because "the true purpose of the expert testimony would have been to attack the credibility of the [stepdaughters], . . . the trial court did not abuse its discretion" to bar the testimony. *Id.*

Although Petitioner has a due process right to present his own witnesses, *Washington v. Texas*, 388 U.S. 14, 19 (1967), the right is not unfettered. Petitioner

cannot, for example, offer evidence inadmissible under standard evidentiary rules. *Montana v. Egelhoff*, 518 U.S. 37, 42 (1996). And the Supreme Court is reluctant "to impose constitutional constraints on ordinary evidentiary rulings by state trial courts." *Crane v. Kentucky,* 476 U.S. 683, 689 (1986). Trial courts therefore have "wide latitude" to exclude evidence that is repetitive, marginally relevant, or that poses a risk of harassment, prejudice, or confusion of the issues. *Id.* (quoting *Delaware v. Van Arsdall,* 475 U.S. 673, 679 (1986)).

To succeed on the evidentiary claim, Petitioner must show that the state trial court's decision to exclude the evidence was "an objectively unreasonable application of clearly established Supreme Court precedent." *See Rockwell v. Yukins,* 341 F.3d 507, 512 (6th Cir. 2003). But in a habeas petition involving a different criminal defendant, excluding Dr. Okla's testimony because it was irrelevant to the issues and was meant only to attack witness credibility was "neither contrary to Supreme Court precedent nor an unreasonable application" of it. *Bales v. Bell*, No. 2:10-CV-13480, 2013 WL 5539592, at *17 (E.D. Mich. Oct. 8, 2013). The same reasons support the trial court's decision to exclude Dr. Okla's testimony in Petitioner's case. The Court will therefore deny relief to Petitioner for the claim.

B.     *Admission of Evidence in Violation of Evidentiary Rules 403 and 404(b)*

Petitioner argued that the trial court denied his right to a fair trial by admitting irrelevant and highly prejudicial evidence. ECF 1, PgID 101–04. But it is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (citations

20

omitted). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* (citations omitted). Thus, errors in applying state law, especially rulings about admissibility, are usually unreviewed by a federal court. *See Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000).

Because Petitioner claimed that the evidence should have been inadmissible under state Michigan Evidentiary Rule 403, the Court cannot grant habeas relief for it. "The Supreme Court has never held (except *perhaps* within the capital sentencing context) that a state trial court's admission of *relevant* evidence, no matter how prejudicial, amounted to a violation of due process." *Blackmon v. Booker*, 696 F.3d 536, 551 (6th Cir. 2012) (emphasis original) (citation omitted). And the Court of Appeals held that all the evidence was relevant. *Zarn,* 2016 WL 1125742, at *10–11. The Court must defer to the holding.

And even if other evidence should have been inadmissible under Michigan Evidentiary Rule 404(b) or Mich. Comp. Laws § 768.27a, the Court cannot grant habeas relief for it. *See Bey v. Bagley,* 500 F.3d 514, 519 (6th Cir. 2007). Because no Supreme Court precedent holds that propensity evidence of prior bad acts violated Petitioner's due process rights, he has no right to habeas relief. *See Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003).

C.    *Cross-Examination*

Petitioner last claimed that the trial judge refused to let him question his own mother about whether T.S. had ever confided to her information about the sexual

assaults or whether T.S. lingered in the shower. ECF 1, PgID 105–06. The Court of Appeals rejected the claim for two reasons. First, Petitioner's mother already testified that T.S. never confided to her about abuse. *Zarn*, 2016 WL 1125742, at *11. And second, the question about lingering in the shower was minor and immaterial. *Id.* After all, at that point, the trial was taking too long, and so the trial court properly denied the question. *Id.*

"The Confrontation Clause guarantees only an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, that the defense might wish." *United States v. Owens*, 484 U.S. 554, 559 (1988) (cleaned up). The Clause, however, does not limit a trial court's ability to impose reasonable limits on cross-examination based on concerns about harassment, confusion, repetition, and marginally relevant questions. *Van Arsdall*, 475 U.S. at 679.

The trial court did not abuse its discretion when it rejected the first set of questions because the questions were repetitive. *See United States v. Hynes*, 467 F.3d 951, 960 (6th Cir. 2006). And the trial court did not abuse its discretion when it rejected the second set of questions because the questions were immaterial. *See Takacs v. Engle,* 768 F.2d 122, 125 (6th Cir. 1985). The Court will therefore deny Petitioner's evidentiary claims.

V.    <u>Sentencing Claims</u>

Petitioner raised two claims about his sentencing. ECF 1, PgID 107–115. Both claims fail.

A.     *Judicial Bias and Allocution*

Petitioner's first claim asserted that the trial judge showed bias by not letting Petitioner's wife speak on Petitioner's behalf at sentencing. ECF 1, PgID 112–15. The Court of Appeals held that the claim was waived because the trial court ultimately did offer defense counsel the opportunity to have her address the trial court, but defense counsel declined. *Zarn*, 2016 WL 1125742, at *5.

Waiver is an "'intentional relinquishment or abandonment of a known right.'" *United States v. Olano*, 507 U.S. 725, 733 (1993) (quotation omitted). A criminal defendant who has waived his rights "may not then seek appellate review of claimed deprivation of those rights, for his waiver has extinguished any error." *United States v. Griffin*, 84 F.3d 912, 924 (7th Cir. 1996) (citing *Olano*, 507 U.S. at 733–34); *see also Shahideh v. McKee*, 488 F. App'x 963, 965 (6th Cir. 2012) ("[W]aiver is a recognized, independent and adequate state law ground for refusing to review alleged trial errors") (citation omitted). "When one knowingly waives his charged error, that challenge is forever foreclosed, and cannot be resurrected on appeal." *Morgan v. Lafler*, 452 F. App'x 637, 646, n. 3 (6th Cir. 2011) (citation omitted). The claim fails for two reasons.

One, a defendant in a criminal case cannot complain about an invited error. *Shields v. United States*, 273 U.S. 583, 586 (1927). When a petitioner invited an error in the trial court, he is precluded from seeking habeas corpus relief for the error. *See Fields v. Bagley,* 275 F.3d 478, 486 (6th Cir. 2001) (citations omitted). By declining

the trial judge's invitation to have his wife speak at sentencing, Petitioner is precluded from seeking relief for it.

Two, Petitioner has no federal constitutional right to allocution. *Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997) (citation omitted); *see also United States v. Richardson*, 948 F.3d 733, 744 (6th Cir. 2020). Thus, the trial court's failure to give him the right to allocution does not create a constitutional error that the Court can review through a habeas petition. *See Scrivner v. Tansy*, 68 F.3d 1234, 1240 (10th Cir. 1995); *Cooey v. Coyle,* 289 F.3d 882, 912 (6th Cir. 2002) (declining to issue certificate of appealability on denial of allocution claim). The Court will therefore deny his first sentencing claim.

B.    *Sentencing Factors*

Petitioner also contended that the trial court erred when it considered factors beyond what was admitted by Petitioner or was found by the jury beyond a reasonable doubt. ECF 1, PgID 107–12. Any fact that increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. *See Alleyne v. United States*, 570 U.S. 99, 103 (2013). The Michigan Supreme Court relied on *Alleyne* to hold that Michigan's mandatory sentencing guidelines scheme violates the Sixth Amendment right to a jury trial. *Lockridge,* 498 Mich. at 388–89. The Michigan Supreme Court therefore severed and struck the mandatory component of the Michigan guidelines and made the guidelines advisory. *Id.* at 391–92. The remedy under *Lockridge* is a remand for the trial court

24

judge to determine whether he would impose the same sentence even without the guidelines. *Id.* at 397.

But Petitioner's claim is moot because the Court of Appeals already remanded his case to the trial court to hold a *Crosby* hearing and determine whether she would have imposed a difference sentence without the sentencing guidelines. *Zarn*, 2016 WL 1125742, at *3. "The United States Supreme Court has not clearly established whether a defendant sentenced under an unconstitutional sentencing scheme is entitled to a full resentencing or only a *Crosby* hearing." *Morrell v. Wardens*, 12 F.4th 626, 632 (6th Cir. 2021) (citation omitted). And "a *Crosby* remand is not contrary to or an unreasonable application of clearly established federal law." *Id.* at 633 (citations omitted). Given the Court of Appeals' remand, Petitioner's claim is moot.

In all, the Court has denied every request for relief. The Court will therefore dismiss the petition with prejudice.

## VI.   Evidentiary Hearing Request

Because Petitioner's claims lack merit, Petitioner has no right to an evidentiary hearing. ECF 1, PgID 119; *see Stanford v. Parker,* 266 F.3d 442, 459–60 (6th Cir. 2001). The Court will therefore deny the request.

## VII.   Certificate of Appealability and In Forma Pauperis Status

To appeal the Court's decision, Petitioner must obtain a certificate of appealability. To obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, Petitioner must show "that reasonable jurists could debate whether" the Court

should have resolved the § 2254 petition "in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks and quotation omitted). Jurists of reason would not debate the Court's denial of the petition. The Court will therefore deny a certificate of appealability.

The Court will also deny Petitioner leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* Fed. R. App. P. 24(a).

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the petition for a writ of habeas corpus [1] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 17, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 17, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager